# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

JOLENE LAUWERS, individually,

        Appellant,

        v.

REGAL CINEMAS, INC., a Washington
corporation and WAL-MART STORES,
INC. (Number 2385), a Washington
corporation,

        Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

DIVISION ONE

No. 69539-8-I

UNPUBLISHED OPINION

FILED: April 21, 2014

DWYER, J. — While returning to the parking lot after a movie, Jolene Lauwers slipped and fell on wet grass after she left the provided concrete walkway and took a shortcut down a landscaped slope. She then sued Regal Cinemas, Inc. and Wal-Mart Stores, Inc. for negligence. But Lauwers failed to raise a genuine factual issue as to whether either the landscaped area was unreasonably dangerous or Regal Cinemas and Wal-Mart should have anticipated she would fail to protect herself from the obvious risks of a grassy slope. Accordingly, we affirm the trial court's dismissal of Lauwers' claims on summary judgment.

I

On April 2, 2009, Jolene Lauwers and her 13-year-old son went to the Auburn Supermall to see a movie at the Regal Cinemas Stadium 17. After parking her car, Lauwers and her son walked across the parking lot and up a short concrete stairway to the entrance of the theater. Lauwers purchased tickets and entered the theater.

When the movie concluded at about 2:00 p.m., Lauwers went out a side exit directly from the screening room onto the concrete walkway that surrounds the theater complex. But instead of returning to the main entrance and stairway via the walkway, Lauwers and her son followed five or six other patrons who stepped off the concrete and proceeded down a landscaped grassy slope toward the sidewalk adjoining the parking lot. Near the bottom of the slope, Lauwers' feet suddenly slipped out in front of her, and she fell backward, breaking her ankle.

In her deposition, Lauwers acknowledged that she could have returned to the theater entrance about 50 feet away via the concrete walkway and taken the stairway down to the parking lot. She explained that she went down the grassy slope because other patrons went that way, it looked "very well-travelled," and it was the most direct way back to the parking lot.

On September 2, 2010, Lauwers filed a complaint for damages against Regal Cinemas, alleging negligence in the design and maintenance of the grassy

slope. She later added Wal-Mart Stores, Inc., which had recently performed construction work near the slope, as a defendant.

Regal and Wal-Mart moved for summary judgment. They maintained that Lauwers had failed to set forth facts demonstrating that the grassy slope presented an unreasonable risk of harm or that they should have anticipated invitees would fail to protect themselves from the obvious risks of taking a shortcut down the slope.

In response, Lauwers submitted the declaration of Daniel Johnson, a certified ergonomist. Johnson measured the angle of the slope near where Lauwers fell as 15-19 degrees and noted that the grass was wet at the time of the accident. Because theater patrons had used the grassy slope as an exit "ramp," Johnson relied on the provisions of the Uniform Building Code in effect at the time of the theater's construction. He concluded that the angle of the slope, its lack of a slip-resistant surface, and the absence of handrails failed to comply with the Uniform Building Code and other regulations governing "pedestrian ramps."

The trial court granted summary judgment, and Lauwers appeals.

II

We review a trial court's order granting summary judgment de novo. Folsom v. Burger King, 135 Wn.2d 658, 663, 958 P.2d 301 (1998). Summary judgment is appropriate only if the supporting materials, viewed in the light most favorable to the nonmoving party, demonstrate "that there is no genuine issue as

to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c); Hartley v. State, 103 Wn.2d 768, 774, 698 P.2d 77 (1985). A material fact "is one upon which the outcome of the litigation depends." Rafel Law Grp. PLLC v. Defoor, 176 Wn. App. 210, 218, 308 P.3d 767 (2013), review denied, 179 Wn.2d 1011 (2014). A "'complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" Young v. Key Pharm., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986)).

III

To establish negligence, a plaintiff must prove (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause. Degel v. Majestic Mobile Manor, Inc., 129 Wn.2d 43, 48, 914 P.2d 728 (1996). The existence of a duty is a question of law. Degel, 129 Wn.2d at 48.

Lauwers' status as an invitee is undisputed. In Washington, sections 343 and 343A of the Restatement (Second) of Torts define a landowner's duty to invitees. Kamla v. Space Needle Corp., 147 Wn.2d 114, 125, 52 P.3d 472 (2002). Section 343 provides:

> "A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger."

Kamla, 147 Wn.2d at 125-26 (quoting RESTATEMENT (SECOND) OF TORTS § 343, at 215-16 (1965)). Section 343(A) of the Restatement (Second) of Torts provides in pertinent part:

"'A possessor of land is not liable to his [or her] invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.*'"

Kamla, 147 Wn.2d at 126 (alteration in original) (quoting Iwai v. State, 129 Wn.2d 84, 94, 915 P.2d 1089 (1996)) (quoting RESTATEMENT (SECOND) OF TORTS § 343A, at 218).

Lauwers contends there is a genuine factual issue as to whether "the entire area in question creates an unreasonable hazard that should have been recognized and remedied by the defendants." She also maintains that the reasonableness of her decision to walk down the slope and the potential apportionment of fault presented questions for the trier of fact.

Lauwers' assertion that the landscaped grassy slope was unreasonably dangerous rests solely on the declaration of Donald Johnson. But Johnson's analysis assumes that the slope was a "pedestrian ramp" subject to the standards of the Uniform Building Code. Lauwers cites no authority supporting such an assumption. Johnson's conclusion that the grassy slope was dangerous because it lacked hand rails or a non-slip surface was therefore irrelevant.

Lauwers made no showing that the landscaped slope failed to comply with any applicable regulation or was otherwise defective. Although a pedestrian's use of landscaped grassy areas may be anticipated, such areas "are not sidewalks and cannot be expected to be maintained in the same condition." Hoffstatter v. City of Seattle, 105 Wn. App. 596, 600, 20 P.3d 1003 (2001) (uneven surface of bricks on a parking strip was not unreasonably dangerous as a matter of law). Lauwers failed to demonstrate that Regal or Wal-Mart breached any duty in the design, construction, or maintenance of the landscaped slope.

Moreover, even if a condition on land poses a known or obvious risk, the owner is not liable for an invitee's injuries unless the owner should anticipate the harm despite the obviousness or should expect that invitees will fail to protect themselves. See RESTATEMENT (SECOND) OF TORTS §343A(1), § 343(b); see also Iwai, 129 Wn.2d at 94.

Lauwers raised no factual issue suggesting that the condition of the landscaped, grassy slope was anything other than open and obvious. She exited the theater onto the concrete walkway that led directly back to the front of the theater. The boundary between the walkway and the grass was clearly delineated, and Lauwers acknowledged that she could have followed the provided walkway and gone down the steps to the parking lot. The light at the time of the fall was "adequate," and Lauwers did not allege that the grass concealed depressions or other hidden dangers. Wet grass in western Washington is a common and well known condition.

Under the circumstances, it was foreseeable that someone might step off the provided concrete walkway and take a shortcut across a landscaped area. See Hoffstatter, 105 Wn. App. at 600. But Lauwers failed to demonstrate that Regal and Wal-Mart should foresee that patrons would fail to protect themselves against the obvious risks posed by a wet, grassy slope. As this court recently observed, "no published case in Washington or elsewhere has held that wet grass is a dangerous condition that a landlord should expect an invitee to fail to protect themselves against." McDonald v. Cove to Clover, No. 69916-4-I, 2014 WL 1202949, at *3 (Wash. App. Jan. 13, 2014) (landlord had no reason to foresee that festival attendees would fail to protect themselves from the obvious risks posed by wet grass on slope).

Because Lauwers failed to raise a genuine factual issue as to whether Regal or Wal-Mart breached a duty of care, the trial court properly dismissed her claims on summary judgment.

Affirmed.

We concur:

-7-